# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY M. DAVIS, II,

    Plaintiff,

  v.                                                             Case No. 12-CV-1111

JOSE ALBA, TIMOTHY REICHENBERGER,
AMANDA MUNSON, DAVE ALLEN,
STEVE STRUBING, MARY KLEMZ,
NURSE LAURA, ANNE PARRIS,
SADIE KRAMER, DONNA MILLER,
CO JOHN DOE, and TED STERN,

    Defendants.

## ORDER

        The plaintiff, who is incarcerated at Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The plaintiff has consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). Before the court are the plaintiff's petition to proceed *in forma pauperis* and motion for appointment of counsel.

*Petition To Proceed In Forma Pauperis*

        The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and has paid an initial partial filing fee of $4.69.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 679. If there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, the plaintiff injured himself by swallowing 46 Tylenol pills during a suicide attempt in September 2012 while he was confined at the Wisconsin Resource Center (WRC). The plaintiff alleges that the defendants were aware of his prior history of attempting suicide by overdose, yet continued to give him pills rather than liquid or crushed medication, abruptly cancelled his Lithium prescription, did not monitor medication pass adequately to ensure that he swallowed rather than hoarded his medication, allowed him to keep his medication stockpile because they did not properly search his cell or body, and failed to provide proper mental health treatment and supervision despite his repeated suicidal statements.

The Eighth Amendment bans "cruel and unusual punishments" and prison officials are therefore required "to take reasonable measures to guarantee the safety of inmates." *Minix v. Canarecci*, 597 F.5d 824, 830 (7th Cir. 2010). This type of § 1983 claim has two elements: "(1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk." *Id.* at 831. In cases involving a prisoner's "suicide or attempted suicide, the second, subjective component of an Eighth Amendment claim requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk." *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006). At this stage in the proceedings, the plaintiff may proceed on an Eighth Amendment claim for deliberate indifference to the risk that he would attempt to harm himself.

Before filing his complaint, the plaintiff was transferred from WRC to Columbia Correctional Institution. Because the plaintiff is no longer in the custody of WRC, while he may proceed on his claims for damages, his "prayers for prospective relief are moot" and he may not obtain injunctive

relief regarding WRC policies, practices, or personnel unless he establishes that there is a realistic possibility that he will be returned to that facility.[1]

*Motion To "Appoint" Counsel*

The plaintiff requests that the court "appoint" counsel to represent him in this matter. Civil litigants have neither a statutory nor a constitutional right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono*. *See* 28 U.S.C. § 1915(e)(1) (in proceedings in forma pauperis, "[t]he court may request an attorney to represent any person unable to afford counsel"). To be clear, the court's discretionary authority is to recruit a lawyer to represent an indigent civil litigant *pro bono*, but not to make "coercive appointments of counsel." *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). When a party asks the court to recruit a volunteer lawyer in a civil case, the district court must inquire as to whether (1) the indigent party has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and (2) the indigent party appears competent to litigate the case himself, taking into account the difficulty

---

[1] *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009) ("Because of this change in circumstances, Mr. Ortiz's prayers for prospective relief are moot. If we were to reverse the judgment of the district court and remand this matter for further proceedings, the district court could grant no prospective relief to Mr. Ortiz against these defendants. There is no realistic possibility that Mr. Ortiz will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here. Any relief that our judgment might permit would be purely speculative in nature. *See Preiser v. Newkirk*, 422 U.S. 395, 401-04 (1975) (holding that a prayer for prospective relief on a claim of unconstitutional transfer was moot because the prisoner had been returned to the initial facility with no foreseeable effect on future parole decisions); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir.2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); *Young v. Lane*, 922 F.2d 370, 373 (7th Cir.1991) (concluding that past exposure to illegal conduct at a prior facility, without threat of repetition, did not present a pending case or controversy that might warrant injunctive relief). Moreover, as in *Preiser*, we shall not assume without reason that Mr. Ortiz might once again find himself an inmate of the same local institution and find himself subject to the restrictions of which he complains here. *See Preiser*, 422 U.S. at 402-03, 95 S.Ct. 2330. Because Mr. Ortiz's complaint also contains claims for damages for the alleged past infringements of his constitutional rights, however, his entire case is not moot. His damages claims remain alive.").

of the case. *Id* at 654. On the second part of this inquiry, the question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff. "[I]f that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Id.* at 655 (internal citations omitted). Rather, the question is whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. *Id*.

In this case, the plaintiff has identified attorneys whom he has contacted without success, so the Court will consider, given the difficulty of the case, whether the plaintiff appears competent to litigate the case himself. *See id*. It appears that the plaintiff has mental health issues that could limit his ability to litigate in the future. Thus far, however, his filings have been clear and appropriately supported. Apparently, the plaintiff's filings have benefitted from the assistance of another inmate, but this alone does not indicate that the plaintiff is incapable of litigating on his own behalf, especially as his anticipated loss of legal assistance from other inmates remains speculative.

Because the record thus far indicates that the plaintiff is litigating this matter competently, the Court declines to recruit counsel for the plaintiff at this point in the proceedings. Nor will the Court declare the plaintiff to be incompetent or appoint a *guardian ad litem*. However, the Court may revisit the decision not to recruit counsel as the case proceeds if it appears that counsel is required. *See Santiago v. Wells*, 599 F.3d 749, 762-65 (7th Cir. 2010) (holding that district court should have recruited counsel for plaintiff who was transferred to another correctional facility and encountered difficulties in conducting necessary pretrial discovery with uncooperative prison officials and defendants).

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions to appoint counsel and/or a *guardian ad litem* and for determination of competency (Docket # 7 and # 8) be and hereby are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $445.31 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Nancy Joseph
> % Office of the Clerk

United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 6th day of March, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge